## BOHANAN et al. v. RIDDLE.

No. 19636. Opinion Filed Oct. 28, 1930.

Howe & Howe, H. L. Douglass, and T. T. Varner, for plaintiff in error.

John Cocke and W. M. Wallace, for defendant in error.

HEFNER, J. In July, 1928, Joseph Riddle, a minor, by his next friend, the defendant in error herein, as plaintiff, brought this suit against Green Bohanan et al., plaintiffs in error herein, as defendants, and asked for the cancellation of a certain deed and restoration of a promissory note secured by a real estate mortgage.

The minor alleged that Green Bohanan, as his guardian, came into possession of certain moneys by reason of the sale of certain inherited lands and the same was sold under orders of the county court of Pushmataha county by his guardian; that from such moneys his guardian, under the direction of the county court of Pushmataha county, Okla., loaned to M. D. Jordan of Antlers, Okla., the sum of $3,500, which was secured by a real estate mortgage; that said note remained in the hands of his guardian until February 23, 1927, when his guardian presented to the county court of Pushmataha county, Okla., a petition in which he represented that certain lots in the town of Albion, Okla., described in said petition, were of an equal or greater value than the note and mortgage and relying upon said representations so made by Green Bohanan in said petition, the county court, on the same date and at the time of the presenting of the petition and without any notice of any kind having been given, made an order directing his guardian to transfer to B. F. Hastings the promissory note upon his executing to the minor a deed to the lots, and under said order same was on the same date done.

The defendants filed an answer wherein they in effect admitted the allegations of the petition. The plaintiff then filed a motion for judgment on the pleadings. The court sustained this motion and entered its judgment in favor of the plaintiff.

The minor owned the promissory note in the sum of $3,500 together with accrued interest. It was a part of its personal estate.

It now becomes our duty to determine whether or not the county court had jurisdiction to make the order which was made by it at the time this investment was authorized. If the court had such jurisdiction, then the plaintiff could not recover. If the court did not have the jurisdiction to make the order in the manner in which it was made, then the plaintiff could attack the judgment of the court at any time.

There is no question raised about the appointment of the guardian or the regularity of the sale of the land from which the money was derived, that was invested in the promissory note. It is admitted that all of these proceedings were regular.

The defendants contended that the guardian of the plaintiff had the right to invest the promissory note in the land, and for this authority they rely upon sections 1469

and 1482, C. O. S. 1921. They are as follows:

"Section 1469. If the property be sold for the purpose of putting out or investing the proceeds, the guardian must make the investment according to his best judgment, or in pursuance of any order that may be made by the county court."

"Section 1482. The county court, on the application of a guardian or any person interested in the estate of any ward, after such notice to persons interested therein as the judge shall direct, may authorize and require the guardian to invest the proceeds of sales, and any other of his ward's money in his hands, in real estate, or in any other manner most to the interest, of all concerned therein; and the county court may make such other orders and give such directions as are needful for the management, investment and disposition of the estate and effects, as circumstances require."

It appears from a careful study of our probate proceedings that the above sections authorize the guardian to invest the money of his ward derived from the sale of his property that may be in his hands in real estate or in any manner most to the interest of all concerned. The authority of the guardian is limited by these statutes to the investment of money or the investment of proceeds of sales. It does not authorize the guardian to invest the personal estate of the ward other than the money or proceeds of sales. The note involved is neither money nor the proceeds of sales. The note is for money borrowed by the maker from the guardian. Then we must look somewhere else for the authority of the guardian to dispose of the promissory note. The Compiled Statutes of 1921, contain the following provisions:

"Section 1453. Every guardian appointed under the provisions of this article, whether for a minor or any other person, must pay all just debts due from the ward out of his personal estate and income of his real estate, if sufficient; if not, then out of his real estate, upon obtaining an order for the sale thereof, and disposing of the same in the manner provided by law for the sale of real estate of decedents."

"Section 1466. When the income of an estate under guardianship is not sufficient to maintain the ward* * *his guardian may sell his real or personal estate for that purpose, upon obtaining an order therefor."

"Section 1467. When it appears to the satisfaction of the court, upon the petition of the guardian, that for the benefit of his ward his real or personal estate, or some part thereof, should be sold, and the proceeds thereof put out at interest, or invested in some productive stock, or in the improvement or security of any other real estate of the ward, his guardian may sell the same for such purpose, upon obtaining an order therefor."

"Section 1470: To obtain an order for such sale, the guardian must present to the county court * * * verified petition therefor setting forth the condition of the estate of his ward and the facts and circumstances on which the petition is founded tending to show the necessity or expediency of a sale."

"Section 1471: If it appear to the court or judge from the petition that it is necessary or * * * beneficial * * * that the real or personal estate * * * should be sold * * * the court must thereupon make an order directing the next of kin of the ward and all persons interested in the estate to appear before the court, at a time and place therein specified, not less than four or more than eight weeks from the time of making said order * * * to show cause why the order should not be granted."

Section 1453 authorizes the sale of the ward's property for the payment of debts. Section 1466 provides that the real or personal estate may be sold under certain conditions to maintain the ward. Under section 1467, if it appears to the satisfaction of the court that for the benefit of his ward the real or personal estate or some part thereof should be sold and the proceeds thereof put out on interest or invested in some productive stock, or in the improvement or security of any other real estate of the ward, the guardian may sell the same for such purpose obtaining an order therefor. To obtain an order for such sale the guardian must present to the county court a verified petition setting forth conditions of the estate and the facts and circumstances tending to show the necessity for the sale. If it appear to the court that it is necessary or beneficial that the real or personal property should be sold, it then becomes the duty of the court to make an order directing the next of kin of the ward and all persons interested in the estate to appear before the court at a time and place specified. It is admitted that this was not done.

The guardian procured an order authorizing him to transfer the note for the deed for the land, but he did not procure an order of the county court authorizing the sale of the note. No notice of the sale was given. In fact there was no attempt made to comply with sections of our Code which deal with the sale of the personal property of a minor. The estate of a minor can only be sold by substantially complying with the statutes in reference to the

sale thereof. The statute does not authorize a trade, but it does authorize a sale. The guardian must look to the statutes for his authority to make the sale, for he only has the authority delegated to him. Since there was no attempt made to comply with the statutes with reference to the sale of the personal estate of his ward, the guardian had no authority to dispose of the note in the manner in which this record discloses he disposed of it.

If there be cash in the guardian's hands or the proceeds of the sale of property, he may invest in the manner provided in sections 1469 and 1482. If the guardian wishes to dispose of personal property of his ward other than the above, it must be sold in the manner provided for the sale of personal property of a minor by our statutes, and the sale must be in substantial compliance with those statutes.

It is true in the case at bar the county court had jurisdiction of the person and of the subject-matter, but it did not have jurisdiction to enter the particular judgment entered in reference to the exchange of the note for the real estate.

The judgment of the trial court is affirmed.

MASON, C. J., and CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., and HUNT and RILEY, JJ., absent.